RECENTLY, YOU REQUESTED AN ATTORNEY GENERAL OPINION ON THE APPLICABILITY OF THE SALES TAX EXEMPTIONS CODIFIED AT 68 O.S. 1356(I) (1989). YOUR LETTER ALSO ASKS, SHOULD WE ANTICIPATE A NEGATIVE REPLY TO ANY OF THE FIRST THREE OF THE FIVE QUESTIONS YOU POSE, THAT WE ADVISE YOU OF THAT FACT PRIOR TO THE ISSUANCE OF A FORMAL OPINION.
SINCE THE BEGINNING OF HIS ADMINISTRATION, ATTORNEY GENERAL HENRY HAS BEEN EXTREMELY RELUCTANT TO NOTIFY ANY OPINION REQUESTOR OF THE LIKELY OUTCOME OF A PARTICULAR OPINION, PRIOR TO ITS ACTUAL ISSUANCE. IT IS OUR FEELING THAT TO DO SO MAY OFTEN RESULT IN THE UNNECESSARY EXPENDITURE OF TIME AND RESOURCES OF THIS OFFICE. ADDITIONALLY, IT IS OFTEN DIFFICULT, BECAUSE OF THE COLLEGIAL NATURE OF OUR FORMAL OPINION PROCESS, TO ASCERTAIN WHEN A PARTICULAR OUTCOME IS "LIKELY." MORE IMPORTANTLY, THE PRACTICE COULD HAVE THE ADDED VICE OF INHIBITING THE FLOW OF INDEPENDENT LEGAL ADVICE FROM THIS OFFICE, BY CREATING THE APPEARANCE THAT A REQUESTOR IS "RESULT SHOPPING."
IN THIS PARTICULAR CASE, HOWEVER, THESE CONCERNS ARE PROBABLY NOT TOO CRITICAL, AS THE TYPES OF QUESTIONS YOU POSE DO NOT READILY LEND THEMSELVES TO RESPONSE THROUGH AN OFFICIAL OPINION. FOR INSTANCE, YOU FIRST ASK WHETHER PURCHASES BY THE OKLAHOMA CITY MUNICIPAL IMPROVEMENT AUTHORITY OR THE OML-MUNICIPAL ASSURANCE GROUP ARE EXEMPT FROM SALES TAX. IT IS OUR UNDERSTANDING THAT LITIGATION ON THIS ISSUE IS NOW PENDING WITH THE TAX COMMISSION, WITH RESPECT TO ONE OF THESE ORGANIZATIONS, THUS WE WOULD BE UNABLE UNDER ANY CIRCUMSTANCES TO RENDER AN OPINION AS TO ITS ENTITLEMENT TO AN EXEMPTION, AS THE MATTER IS ALREADY UNDER THE QUASI-JUDICIAL JURISDICTION OF THE COMMISSION. IT HAS BEEN THE UNIFORM PRACTICE OF SEVERAL ATTORNEYS GENERAL TO AVOID OFFICIAL COMMENT ON ISSUES PENDING IN LITIGATION, EVEN WHEN THAT LITIGATION TAKES PLACE AT THE AGENCY LEVEL. THIS PRACTICE RECOGNIZES THE WELL-KNOWN ADMINISTRATIVE LAW DOCTRINE OF PRIMARY JURISDICTION AND DEFERS TO THE SUPERIOR ABILITY OF AGENCIES TO RESOLVE EVIDENTIARY ISSUES WHICH OFTEN UNDERLIE A PARTICULAR LEGAL PROBLEM.
WITH RESPECT TO THE OTHER ENTITY, AND WITH RESPECT TO YOUR SECOND QUESTION, WHETHER A PRIVATE CONTRACTOR MAY BE ELIGIBLE FOR THE EXEMPTION, AN ATTORNEY GENERAL OPINION, EVEN IF IT FOUND AN ENTITLEMENT TO THE EXEMPTION, WOULD NOT SERVE TO REMOVE OR OTHERWISE PREEMPT ANY PRIOR DETERMINATION OF THE TAX COMMISSION THAT NO EXEMPTION SHOULD BE ALLOWED. ENTITLEMENT TO AN EXEMPTION INVOLVES A FACTUAL DETERMINATION WHICH THE LEGISLATURE HAS PLACED WITHIN THE JURISDICTION OF THE TAX COMMISSION. BECAUSE THE TAXPAYER'S REMEDY WHERE A FACTUAL DETERMINATION HAS BEEN MADE THAT NO EXEMPTION BE ALLOWED MUST ALWAYS BE THROUGH A TIMELY AND PROPER PROTEST PROCEEDING, AN ATTORNEY GENERAL OPINION WILL NOT SERVE TO UNDO THE TAX COMMISSION'S DETERMINATION. AS WITH PREVIOUS ATTORNEYS GENERAL, WHERE A MATTER MUST IN EVERY INSTANCE INEVITABLY BE DETERMINED IN A QUASI-JUDICIAL OR JUDICIAL SETTING, AN ATTORNEY GENERAL OPINION SHOULD ORDINARILY NOT BE ISSUED, AS IT IS DEEMED AN UNWARRANTED AND UNNECESSARY INTRUSION INTO THAT PROCESS.
YOUR THIRD QUESTION ASKS UNDER WHAT SPECIFIC CONDITIONS OR CIRCUMSTANCES A PRIVATE CONTRACTOR MAY PURCHASE GOODS AND SERVICES NECESSARY IN THE PERFORMANCE OF A MUNICIPAL OR OTHER GOVERNMENT CONTRACT, FREE FROM SALES TAX. TITLE 68 O.S. 1356(I) (1989) REQUIRES THAT THE CONTRACT HAVE BEEN "DULY ENTERED INTO . . . PURSUANT TO LAW." WE ARE TOLD BY THE GENERAL COUNSEL OF THE TAX COMMISSION THAT THIS PROVISION HAS BEEN CONSTRUED BY THE COMMISSION TO REQUIRE THE CONTRACT TO HAVE BEEN PUBLICLY BID, WHERE A PUBLIC BID IS REQUIRED BY LAW. THERE WOULD NOT SEEM TO BE ANY MEANINGFUL WAY TO PREDICT AND ISOLATE FOR ANALYSIS THE OTHER CONDITIONS OR CIRCUMSTANCES WHICH MIGHT AFFECT THE ENTITLEMENT OF A PRIVATE CONTRACTOR TO PURCHASE GOODS OR SERVICES ON A TAX EXEMPT BASIS.
IN QUESTION FOUR YOU ASK WHETHER A CONTRACTOR MAY FILE FOR A REFUND WHEN THE CONTRACTOR HAS ERRONEOUSLY PAID SALES TAX ON SALES WHICH WERE ACTUALLY EXEMPT. YOU SPECIFICALLY ASK WHETHER 68 O.S. 227 (1981) MAY BE USED TO REQUEST SUCH A REFUND. IT IS OUR UNDERSTANDING FROM THE GENERAL COUNSEL OF THE TAX COMMISSION THAT 227 IS DEEMED BY THAT AGENCY TO BE AN APPROPRIATE VEHICLE FOR APPLYING FOR A REFUND. AGAIN, HOWEVER, THE QUASI-JUDICIAL PROCEEDING BEFORE THE COMMISSION WHICH IS CONTEMPLATED BY THAT AND OTHER SIMILAR STATUTES PRECLUDES THIS OFFICE FROM DETERMINING WHETHER UNDER ANY PARTICULAR SET OF FACTS THE REFUND SHOULD BE GRANTED.
THE FOREGOING ALSO APPLIES TO YOUR FIFTH QUESTION, WHETHER UNDER A PROTEST PROCEEDING FILED PURSUANT TO 68 O.S. 227 THE CONTRACTOR MUST PROVIDE SOME FORM OF PROOF OF AGENCY APPOINTMENT IN ORDER TO AVAIL HIMSELF OF A REFUND. THE PROOF WHICH MAY BE REQUIRED IN ANY PARTICULARLY QUASI-JUDICIAL PROCEEDING IN ORDER TO CARRY THE BURDEN OF PROOF THAT A CONTRACTOR IS ENTITLED TO A REFUND IS A MATTER LEFT TO THE DISCRETION OF THE QUASI-JUDICIAL BODY. THIS OFFICE CANNOT SAY AS A MATTER OF LAW WHAT PROOF MAY OR MAY NOT BE SUFFICIENT IN ANY PARTICULAR CASE.
I REGRET THAT WE ARE UNABLE TO PROVIDE YOU WITH MORE DEFINITIVE ANSWERS TO YOUR QUESTIONS, BUT THESE QUESTIONS, UNFORTUNATELY DO NOT LEND THEMSELVES TO ANALYSIS AND RESOLUTION THROUGH THE UNIFORM APPLICATION OF A GIVEN RULE OF LAW. THE NUMEROUS FACTUAL VARIABLES INHERENT IN YOUR QUESTIONS, WHEN COUPLED WITH THE PRINCIPLES OF PRIMARY AGENCY JURISDICTION ALLUDED TO ABOVE, PRECLUDE MORE SPECIFIC ANSWERS. I HOPE THAT IN THE FUTURE OUR OFFICIAL OPINION SERVICES CAN MORE NEARLY MEET YOUR NEEDS.
(SUSAN BRIMER LOVING)